Mr. Chief Justice Moore
delivered the opinion of the Court.
One Lawrence Carrell, now deceased, brought an action in the trial court seeking an injunction against Don A. Jones to prevent the continued use of culverts placed in an irrigation ditch owned by Carrell, which were installed by Jones to provide ingress and egress to his property bordering the ditch right-of-way. Carrell also sought damages allegedly sustained by him resulting from the installation of the culverts.
 Trial was to the court and at the conclusion thereof judgment was entered denying injunctive relief. The claim for damages also was denied. However, the trial court ordered that Jones should,
“* * * keep said culverts free and clear of all debris, assuring plaintiff thereby of the continuous flow of water through said culverts.”
The trial court further found that:
“An owner of property has a right of ingress and egress to and from his property. In the instant case, it has been shown that culverts of sufficient size to carry the irrigation water through the ditch or easement of the plaintiff have been constructed and the evidence is that water has been run through, showing a complete absence of any right to equitable relief.
The brief of plaintiff in error contains no summary of the argument as required by R.C.P. Colo. Ill (f) and it is somewhat difficult to determine precisely on what ground reversal of the judgment is sought. The nearest approach to compliance with the rule governing the points relied upon for reversal appears in the brief in the following language (which is directed to the above-quoted findings of the trial court):
“Plaintiff contends that this finding was error, for the reason that it gives Jones an unlimited right to enter *568 plaintiffs ditch, with culverts, bridges and other obstructions, at any place, whenever he pleases, and affords no protection to plaintiff in the maintenance and operation of his ditch; a complete denial of equity to the plaintiff.
“The finding that water ran through the ditch, with no harm to plaintiff ignores the uncontradicted evidence that there was an extreme shortage of water in 1963. * * * The finding also ignores the uncontradicted evidence of increase of labor and costs of cleaning caused by the two additional culverts.”
We have examined the cases cited by counsel for plaintiff in error and find that all of them are clearly distinguishable on the facts. We find nothing in the record before us which would justify a reversal of the judgment.
The judgment accordingly is affirmed.